IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TUESDAY REAL ESTATE, LLC | § | |
| | § | CIVIL ACTION NO. 6:18-cv-298 |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| COMM 2015-CCRE22 EAST CENTRAL | § | |
| TEXAS EXPRESSWAY, LLC AND | § | |
| LNR PARTNERS, LLC | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that Defendants COMM 2015-CCRE22 East Central Texas Expressway, LLC and LNR Partners, LLC (collectively "Defendants") hereby file this Notice of Removal ("Notice") removing Cause No. 302,750-B, *Tuesday Real Estate, LLC v. COMM 2015-CCRE22, et al.*, from the 146th Judicial District Court, Bell County, Texas to this Court, pursuant to 28 U.S.C. § 1441.  The grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1.      Plaintiff Tuesday Real Estate, LLC ("Plaintiff" or "TRE") filed its original petition against Defendants on September 6, 2018.  Plaintiff alleges various causes of action against Defendants, all related to a sale of a property at a foreclosure sale.  Among other things, Plaintiff seeks damages in the form of rescission of the sale for $5,992,000.00, declaratory relief, attorneys' fees, costs, and pre- and post-judgment interest.

2.      On September 6, 2018, Plaintiff filed its Original Petition and citation for service was issued for Defendants through their registered agents.  On September 11, 2018, Plaintiff filed its First Amended Petition (the "Amended Petition").  On September 21, 2018, citations were served on Defendants through their registered agents.  *Id.*

3.      Defendants, represented by undersigned counsel, both join in the removal of this case.

## BASIS FOR REMOVAL

4.      Removal is proper as the parties are of diverse citizenship and the matter in controversy exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332, 1441.  None of the Defendants is a citizen of Texas for purposes of diversity jurisdiction.

5.      Both when the state court action was filed and at the time of removal, Plaintiff TRE was and is a Texas limited liability company.  *See* Plaintiff's Amended Petition at ¶ 3.

6.      Both when the state court action was filed and at the time of removal, Defendant COMM 2015-CCRE22 East Central Texas Expressway, LLC ("ETCE") was and is a Delaware limited liability company.  *See* Amended Petition at ¶ 4.  The sole member of ETCE, both when the state court action was filed and at the time of removal, is Wilmington Trust, National Association, as Trustee for the Benefit of the Holders of COMM 2015-CCRE22 Mortgage Trust Commercial Pass-through Certificates (the "Trust").  Wilmington Trust, National Association, was and is the sole trustee of the Trust and did and does have its principal place of business in Wilmington, Delaware.  Defendant ETCE was and is thus a citizen of Delaware for diversity purposes.

7.      Both when the state court action was filed and at the time of removal, Defendant LNR Partners, LLC ("LNR") was and is a Florida limited liability company.  The sole member

of LNR was and is LNR Partners Parent, LLC, which is a Delaware limited liability company. Defendant LNR was and is thus a citizen of Delaware and Florida for diversity purposes.

8.      In sum, each of the individual members of Defendants is diverse from Plaintiff for purposes of diversity jurisdiction.  As determined by the citizenship of its individual member, Defendant ETCE was and is a citizen of Delaware for diversity jurisdiction purposes.  As determined by the citizenship of its individual member, Defendant LNR was and is a citizen of Delaware and Florida for diversity jurisdiction purposes.  This Court has original jurisdiction over the matters made the basis of this lawsuit pursuant to 28 U.S.C. §§ 1332, 1441 in that TRE is a Texas citizen and is completely diverse from Defendants.

9.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Although Plaintiff has not pleaded a specific amount of damages, it is apparent from the face of the Amended Petition that Plaintiff's claims are likely to exceed $75,000.00.  *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Specifically, TRE's petition indicates that it is seeking to rescind the sale of a certain property.  *See* Amended Petition at ¶¶ 27–28.  The property that is the basis of Plaintiff's suit sold to Defendant ETCE for $5,992,000.00.  *See* Substitute Trustee's Deed, **Exhibit A**.  Moreover, Plaintiff also seeks to recover for "all rents and revenues from the Property for the period of September 4, 2018 to the present."  *See* Amended Petition at Section XII.  Plaintiff also seeks declaratory relief and attorneys' fees.  *Id.*  Finally, Plaintiff has alleged that discovery would be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.  *Id.* at ¶ 1.  While a plaintiff in a case conducted under Level 1 discovery is limited to relief of $50,000.00 or less, Level 2 cases, as selected by Plaintiff, contain no limit on the amount of relief.  TEX. R. CIV. P. 190.2(a)(1), 190.3.  Based on these allegations in the Amended Petition, it

is reasonable to conclude that the amount in controversy will exceed $75,000.00.  Defendants'

removal is therefore proper.

**THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

**10.**      Plaintiff filed its Original Petition September 6, 2018.  Defendants file this notice

of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

**11.**      Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as

the district and division embracing the place where the state action is pending.

**12.**      Defendants will promptly give Plaintiff written notice of the filing of this Notice

of Removal as required by 28 U.S.C. § 1446(d).  Defendants will also promptly file a copy of

this Notice of Removal with the Clerk for the 146th Judicial District, Bell County, Texas, where

the action is currently pending, as required under 28 U.S.C. § 1446(d).

**13.**      True and correct copies of all process, pleadings, and the orders served upon

Defendants in the state court action are being filed with this notice as required by

28 U.S.C. § 1446(a).  Attached hereto please find:

- A completed civil cover sheet, **Exhibit B**;

- A supplemental civil cover sheet, **Exhibit C**;

- An appearance of counsel form for M. Scott Barnard, **Exhibit D**;

- Copy of Plaintiff's Original Petition, **Exhibit E**; and

- Copy of Plaintiff's First Amended Petition and accompanying service of process, **Exhibit F**.

**14.**      Defendants retain the right to supplement these jurisdictional allegations by

affidavit, declaration, or otherwise should Plaintiff challenge these allegations in a motion to

remand or other filing.  *See Jasmine White, A/N/F of L.J. v. Dolgencorp of Texas, Inc.*, No. SA-

18-CV-00079-OLG, 2018 WL 4677907, at *3 (W.D. Tex. June 18, 2018) (defendant may prove

jurisdictional allegations contained in notice of removal challenged by plaintiff in motion to remand through affidavits attached to defendant's response to motion to remand).

## CONCLUSION AND PRAYER

WHEREFORE, Defendants respectfully request that this Court acknowledge that it has diversity jurisdiction over this action and remove Cause No. 302,750-B, *Tuesday Real Estate, LLC v. COMM 2015-CCRE22 East Central Texas Expressway, LLC and LNR Partners, LLC* from the 146th Judicial District Court of Bell County on this the 4th day of October 2018.

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**

BY:      /s/ *M. Scott Barnard*
         M. Scott Barnard
         State Bar No. 24001690
         1700 Pacific Avenue, Suite 4100
         Dallas, Texas 75201
         Telephone:  (214) 969-2800
         Facsimile:  (214) 969-4343
         sbarnard@akingump.com

**ATTORNEY FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this 4th day of October 2018, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case filing system for the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys who have consented in writing to accept this notice as service of this document by electronic means.  Additionally, a true and correct copy of Defendants' Notice of Removal was served on the following attorneys for Plaintiff via email.

Boyd A. Mouse
State Bar No. 24003949
bmouse@krcl.com
Emily Green
State Bar No. 24106027
egreen@krcl.com

           /s/ *Scott Barnard*
            M. Scott Barnard